1  Richard A. Huver, Esq. (Bar No. 132945)
   THE HUVER LAW FIRM
2  655 West Broadway, Suite 1400
   San Diego, California 92101
3  619.961.4883
   619.961.4886 Fax
4  rhuver@huverlaw.com

5  George L. de la Flor, Esq. (112488)
   LAW OFFICES OF GEORGE L. DE LA FLOR, APLC
6  8355 La Mesa Boulevard
   La Mesa, CA 91942
7  Telephone: 619-698-2926
   Facsimile: 619-698-7540
8  Gldelaflor@cs.com

9  Attorneys for Plaintiff PAMELLA CIBERAY

10

11              UNITED STATES DISTRICT COURT

12          FOR THE SOUTHERN DISTRICT OF CALIFORNIA

13  PAMELLA CIBERAY,                     )
                                         )   CASE NO. 12cv1218-AJB-MDD
14                                       )
                 Plaintiff,              )   **FIRST AMENDED COMPLAINT FOR**
15                                       )   **BREACH OF CONTRACT FOR**
         vs.                             )   **FAILURE TO PAY LIFE INSURANCE**
16                                       )   **BENEFITS and BREACH OF**
                                         )   **FIDUCIARY DUTY**
17  L-3 COMMUNICATIONS CORPORATION       )
    MASTER LIFE AND ACCIDENTAL           )
18  DEATH AND DISMEMBERMENT              )
    INSURANCE PLANS; CHARTIS;  and       )
19  UNITED STATES LIFE INSURANCE         )
    COMPANY IN THE CITY OF NEW YORK,     )
20  AN INDIRECT WHOLLY OWNED             )
    SUBSIDIARY OF AMERICAN               )
21  INTERNATIONAL GROUP INC.,            )
                                         )
22               Defendants.             )
                                         )
23  _____ )

24                   **GENERAL ALLEGATIONS**

25      1.    Plaintiff PAMELLA CIBERAY ("Plaintiff" or "Ciberay") brings this action against

26  Defendants L-3 COMMUNICATIONS CORPORATION MASTER LIFE AND ACCIDENTAL

27  DEATH AND DISMEMBERMENT INSURANCE PLANS ("Plan"), CHARTIS, and UNITED

28  STATES LIFE INSURANCE COMPANY IN THE CITY OF NEW YORK, AN INDIRECT

                                -1-

WHOLLY OWNED SUBSIDIARY OF AMERICAN INTERNATIONAL GROUP INC. ("United States Life").  The Plan is an employee welfare benefit plan as defined by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 et. seq., and the benefits sought and referred to in this action under the Plan are subject to ERISA.

2.      At all times material herein, decedent RICHARD P. CIBERAY and Plaintiff PAMELLA CIBERAY were residents of Escondido, California.

3.      Plaintiff is informed, believes, and thereon alleges, that Defendants CHARTIS, UNITED STATES LIFE, and L-3 COMMUNICATIONS CORPORATION are, and at all relevant times were, New York corporations authorized to transact and transacting business in the State of California, including the County of San Diego in the Southern District.

4.      Plaintiff is informed, believes, and thereon alleges, that Defendant CHARTIS is, and at all relevant times was, a segment or division of AMERICAN INTERNATIONAL LIFE ASSURANCE COMPANY OF NEW YORK ("American International"), which, after the submission of the claim herein, merged with defendant UNITED STATES LIFE.

5.      Plaintiff is informed, believes, and thereon alleges, that at all relevant times herein, CHARTIS was expressly acting on behalf of AMERICAN INTERNATIONAL, inasmuch as it identified itself as "CHARTIS On behalf of: American International Life Assurance Company of New York" on its letterhead in correspondence with Plaintiff.  Plaintiff is informed, believes, and thereon alleges, that UNITED STATES LIFE is the successor corporation for AMERICAN INTERNATIONAL, and has assumed, contractually, legally or otherwise, any and all liabilities of AMERICAN INTERNATIONAL, including but not limited to, those set forth hereafter.

6.      CHARTIS, AMERICAN INTERNATIONAL and UNITED STATES LIFE are collectively referred to hereinafter as "Chartis."

7.      The "Summary Plan Description" provided to Mr. Ciberay by the Plan provides in pertinent part, "L-3 Communications Corporation, as Plan Administrator, is responsible for the administration of the Plan...The Plan Administrator has full and complete discretionary authority and responsibility to administer the Plan and may delegate any or all of its authority and responsibility to any individuals or entities by action of its Board of Directors...The Plan

Administrator has delegated to the insurance company the full and complete discretionary authority to decide all questions of eligibility for benefits under the Plan.  The insurance company's decisions are final and binding on all parties to the full extent permitted by the law."

8.     Pursuant to the above-referenced language contained within the Summary Plan Description, Chartis served as an Administrator for the Plan.  Additionally, Chartis has identified itself as a de facto Plan Administrator by virtue of its services to and communications with Plaintiff, its denial of Plaintiff's claim for benefits, its handling of Plaintiff's appeal of such denial, and by providing its alleged justifications for such denial.

9.     Plaintiff is informed, believes, and thereon alleges, that at all times relevant herein, the conduct of Defendants were carried out through the acts and omissions of their officers, agents and employees, and the conduct of said officers, agents and employees was authorized and ratified by Defendants.

10.     Plaintiff is informed, believes, and thereon alleges, that at all times relevant herein, each Defendant was acting as an agent, employer, or alter ego for each of the other Defendants, and was acting within the scope of said agency or other relationship with the knowledge and consent of each of the other Defendants.

11.     Plaintiff brings this action to secure all benefits to which Plaintiff is entitled under an accidental death and dismemberment insurance policy underwritten and administered by defendant Chartis.  Plaintiff's deceased husband was covered under the policy by virtue of his employment with L-3 Communications Corporation, and the Plan it provided as a benefit of such employment.

**JURISDICTION AND VENUE**

12.     This action is brought pursuant to a Plan that constitutes an employee welfare benefit plan under ERISA, 29 U.S.C. §§ 1101 et. seq.   This Court has jurisdiction to hear this matter pursuant to 28 U.S.C. § 1331.

13.     Venue is proper within the Southern District of California pursuant to 28 U.S.C. § 1391 and 29 U.S.C. § 1132(e)(2) because the acts and transactions giving rise to this action occurred within the District, and Defendants may be found within the District.

14.     Each of the Defendants at all times relevant herein conducted business in the Southern District of California, and violated United States and California law in the District. Defendants, and each of them, have sufficient minimum contacts with California and the District. Defendants intentionally availed themselves of the laws of California by advertising to, conducting business with, and entering into and administering insurance contracts and claims with California and District residents.  Further, Defendants, and each of them, purposefully placed themselves in a fiduciary capacity with, and received contributions from, California and District residents.

## PARTIES AND FIDUCIARY RELATIONSHIPS

15.     Decedent Richard Ciberay was, at all times relevant hereto, an employee of Defendant L-3 Communications, and so remained until his death on February 16, 2010.  As such, he was covered by and a participant of the Plan, and entitled to receive, and/or to designate a beneficiary to receive, benefits under ERISA.

16.     Defendants United States Life and/or Chartis issued a Group Accident Insurance Policy to Richard Ciberay (Policy No. PAI 8059148) ("Policy"), pursuant to the Plan.  The Policy was obtained by Mr. Ciberay by virtue of his employment with Defendant L-3 Communications. The Policy was in full force and effect at all times relevant herein.

17.     Said Policy provided benefits to the designated beneficiary in a principal sum based on the policyholder's salary.  On the operative date of February 16, 2010, $620,000 in benefits was payable to Plaintiff under the Plan Policy in the event of Mr. Ciberay's accidental death.

18.     Plaintiff Pamella Ciberay is Richard Ciberay's surviving spouse, and the sole beneficiary named by Mr. Ciberay to receive the benefits due under the policy.

19.     Under the terms of the Plan and L-3 Communications' exercise of its authority to delegate responsibility for the administration of the Plan, as set forth above, Chartis was the group insurance provider, as well as the Administrator who administered claims under the Plan Policy and retained the sole authority to grant or deny benefits to applicants.

20.     Each Defendant is either a Plan and/or fiduciary within the meaning of 29 U.S.C. §§ 1001 and 1002.  Said Defendants are fiduciaries within the meaning of ERISA, and have a

fiduciary obligation to administer the Plan fairly and to furnish insurance benefits according to the terms of the Plan.

## STANDARD OF REVIEW

21.     Chartis funded the Plan Policy benefits, as well as determining eligibility to receive benefits under the Plan Policy.

22.     Because Chartis both funded the Plan benefits and retained the sole authority to grant or deny benefits, Chartis had an inherent conflict of interest.

23.     Chartis engaged in procedural irregularities in denying the claim, including but not limited to, basing its denial of benefits on a Policy exclusion clause that is void and unenforceable under 29 U.S.C. § 1144(b)(2)(A), California Insurance Code §§ 10369.1-10369.12, and other controlling law.

24.     These procedural errors and irregularities, combined with the conflict of interest described above, establish that Chartis's decision to deny accidental death benefits should be reviewed by this Court under a de novo standard of review, rather than an "arbitrary and capricious" standard.  However, in the alternative, should the Court find that the latter standard is applicable, the "less deferential" standard is invoked as a result of the aforementioned conflict of interest and procedural irregularities.  Moreover, even if the Court should determine that the most deferential "arbitrary and capricious" standard applies, the applicable law and evidence of record, particularly Chartis's reliance on an unlawful Policy exclusion to deny benefits, demonstrate that its decision to deny benefits was not reasonable, was inconsistent with the goals and language of the Plan and Plan Policy, was arbitrary and capricious, and amounts to a flagrant abuse of discretion.

## FACTUAL BACKGROUND AND ADMINISTRATIVE APPEAL

25.     As of the date of his death, Richard Ciberay was a 60 year old man employed by L-3 Communications as a field electronics engineer.

26.     On or about February 7, 2010, Mr. Ciberay fell down a flight of stairs at his home and suffered a hip fracture.  He was transported by ambulance to Palomar Medical Center in Escondido, where he was diagnosed with superior and inferior pubic rami fractures and a pelvic

hematoma, plus a head laceration.  He was admitted to the hospital, where he received treatment for his injuries.

27.     On February 16, 2010, while still hospitalized, Mr. Ciberay died.  The Death Certificate and Amended External Examination Report prepared by the County of San Diego Office of the Medical Examiner list the cause of death as complications following pelvic fractures, with hypertensive cardiovascular disease, alcohol abuse, obesity, and diabetes mellitus listed as contributing.  The manner of death was stated as "Accident."

28.     Following Mr. Ciberay's death, Plaintiff, as surviving spouse and sole beneficiary under the Policy, made a timely application and claim for accidental death benefits, and performed all conditions required under the Policy for receipt of such benefits.

29.     By letter dated December 3, 2010, Defendant Chartis notified Plaintiff that it was denying her claim for accidental death benefits under the Policy.  It cited portions of the Plan Policy, and relied on an exclusion within the Policy as the basis for its denial, as follows:

Accidental Death Benefit.  If Injury to the Insured Person results in death within 365 days of the date of the accident that caused the Injury, the Company will pay 100% of the Principal Sum.

* * *

Injury-means bodily injury caused by an accident occurring while this Policy is in force as to the person whose injury is the basis of claim and resulting directly and independently of all other causes in a covered loss.

* * *

Exclusions:

This policy does not cover any loss caused in whole or in part by, or resulting in whole or in part from, the following:

* * *

5.  The Insured Person being under the influence of drugs or intoxicants, unless taken under the advice of a Physician.

30.     In its letter dated December 3, 2010, Chartis stated, "Based on our review of the available records, we determined that your spouse's death was not the direct result of a bodily injury caused by an accident resulting directly and independently of all other causes, but was caused in whole or in part by, or resulted in whole or in part from your spouse being under the influence of intoxicants.  Therefore, we must respectfully deny your claim for Accidental Death benefits."

31.     Other than the above-referenced exclusion, Chartis has not, at any time, stated any other basis for its denial of benefits to Plaintiff.

32.     On or about February 28, 2011, Plaintiff timely perfected her administrative appeal pursuant to the Policy.  Chartis acknowledged receipt of her request to appeal its prior decision in a letter dated March 14, 2011.

33.     By letter dated April 18, 2011, Chartis notified Plaintiff that the ERISA Appeals Committee of American International had determined that no benefits were payable under the Policy as previously outlined in the letter dated December 3, 2010, again citing the same exclusion set forth above.   The letter further stated that "…the Committee's denial of this appeal is a final plan administration decision."

34.     Plaintiff has now exhausted all Plan claims procedures, and all contractual and administrative remedies available to her.  Her claim is ripe for judicial review pursuant to 29 U.S.C. § 1132.

**FIRST CAUSE OF ACTION FOR WRONGFUL DENIAL OF BENEFITS AND RECOVERY OF PLAN BENEFITS PURSUANT TO 29 U.S.C. § 1132:**

**AGAINST ALL DEFENDANTS**

35.     Plaintiff refers to and incorporates herein by reference each and every allegation set forth above in paragraphs 1 through 34, inclusive, as though set forth in full herein.

36.     Under the terms of the Plan and Policy, Defendants agreed to provide Plaintiff with accidental death benefits as follows:  "If injury to the Insured Person results in death within 365

days of the date of the accident that caused the Injury, the Company will pay 100% of the Principal Sum." Defendants failed to provide such benefits.

37.     While ERISA contain a preemption provision which provides that all state laws are superseded insofar as they relate to employee benefit plans (29 U.S.C. § 1144(a)), this provision is limited by a "savings" clause which saves from preemption "any law of any State which regulates insurance, banking or securities" (29 U.S.C. § 1144(b)(2)(A)). State laws "regulating the substantive content of insurance contracts are laws that regulate insurance and thus are within the scope of the insurance savings clause." *Metropolitan Life Ins. Co. v. Massachusetts* (1985) 471 U.S. 724, 741 n.18.

38.     The Plan's Summary Plan Description provides, "In general, ERISA preempts state law. However, ERISA does not pre-empt state laws that regulate insurance. The Plan will always be construed to comply with applicable federal and state law." Additionally, the Policy provides, "This Policy is governed by the laws of the state in which it is delivered."

39.     The California Insurance Code contains statutes that regulate the substantive content of insurance contracts, including limitations on the form and content of exclusions that may be contained in an accidental death policy in the State of California, at Sections 10369.1 to 10369.12, inclusive.

40.     California Insurance Code § 10369.12 permits an accidental death policy to include an exclusion for death as a consequence of the insured's intoxication or use of controlled substances in the following form:  "The insurer shall not be liable for any loss sustained or contracted in consequence of the insured's being intoxicated or under the influence of any controlled substance unless administered on the advice of a physician."

41.     Under California Insurance Code § 10369.1, no limitations or exclusions may be included in accidental death policies which are "...less favorable in any respect to the insured or the beneficiary" than the form exclusions provided in §§ 10369.2 through 10369.12.  The United States District Court for the Northern District of California has been called upon to interpret this statute as it applies to § 10369.12, and has held, "If the policy provision is less favorable than the statutory provision, then the statutory provision controls." *Smith v. Stonebridge Life Insurance*

1   *Co.* (N. D. Cal. 2008) 582 F. Supp. 2d 1209, 1219.  "...when interpreting insurance policy

2   language required by statute, the statute 'must be construed to effect not the intent of the parties,

3   but the intent of the legislature; therefore the rules of statutory construction apply.'"  Id at 1220

4   (citations omitted).

5          42.     California Insurance Code § 10369.12 has been interpreted by California's higher

6   Courts as requiring insurers to prove that intoxication was the efficient proximate (meaning

7   predominate) cause of the loss in order to apply the permitted exclusion to deny benefits otherwise

8   payable under an accidental death policy.  Thus, for the exclusion to be lawfully applied, "...the

9   Insurance Code requires death to be 'in consequence of' being intoxicated and not just a

10  contributing factor."  *Olson v. American Bankers Insurance Company of Florida* (2009) 30 Cal.

11  App. 4th 816, 830-831.

12         43.     The Policy exclusion relied upon by Chartis as the basis for denying Plaintiff's

13  claim is both inconsistent with, and less favorable to the insured and beneficiary than, the form

14  exclusion set forth in California Insurance Code § 10369.12, in that Chartis' exclusion allows for

15  the denial of benefits where death was "caused in whole or in part by, or resulting in whole or in

16  part from...the insured person being under the influence of drugs or intoxicants," rather than

17  requiring proof that the insured's death was in consequence of being intoxicated, with intoxication

18  the predominating proximate cause of death and not just a contributing factor.

19         44.     In a paragraph entitled, "Conformity With State Statutes, the Policy provides, "Any

20  provision of this Policy which, on its effective date, is in conflict with the statutes of the state in

21  which this Policy is delivered is hereby amended to conform to the minimum requirement of those

22  statutes."

23         45.     In accordance with the controlling law and the Policy's own provisions as cited

24  above, Defendants' denial of Plaintiff's claim for accidental death benefits under the policy's

25  exclusion for "any loss caused in whole or in part by, or resulting in whole or in part from...the

26  Insured Person being under the influence of drugs or intoxicants" violates California Insurance

27  Code § 10369.12.  The Policy's exclusion on which Chartis relied as its sole basis for denying the

28  Plaintiff's claim, is void, unlawful, and unenforceable under non-preempted California law

1    regulating the substantive content of insurance contracts with respect to precisely the type of

2    exclusionary clause relied on by Chartis.

3         46.    Defendants have wrongfully denied life insurance benefits to Plaintiff in violation

4    of Plan provisions and ERISA, in spite of acknowledging that Plaintiff is the surviving spouse and

5    sole beneficiary entitled to recover life insurance benefits under the Policy, and despite receiving

6    records indicating that Mr. Ciberay died as a result of complications of a pelvic fracture following

7    an accidental fall.  Defendants invoked an unlawful and unenforceable exclusion to deny Plaintiff

8    recovery of the insurance benefits to which she is entitled under the Policy in violation of its legal

9    obligation to instead apply the statutory exclusion set forth in California Insurance Code §

10   10369.12, in accordance with non-preempted California law, applicable federal law, and its own

11   Policy provisions requiring conformity with state statutes, as quoted above.

12        47.    Defendants further failed to afford proper weight to the evidence in the

13   administrative record showing that Plaintiff is entitled to receive such benefits.  Defendants have

14   violated their contractual obligation to furnish insurance benefits to Plaintiff, and denial of

15   Plaintiff's claim on the basis stated by Chartis constitutes a breach of the Plan and the Plan Policy.

16        48.    Defendants' acts and omissions as set forth herein, including but not limited to their

17   reliance on a void and unenforceable exclusion as a basis for denying Plaintiff's claim, amount to

18   an unreasonable, arbitrary, and capricious breach of their obligations as set forth in the Plan and

19   Policy.

20        49.    As a direct and proximate result of the aforementioned conduct of Defendants in

21   failing to provide coverage and pay benefits to Plaintiff, Plaintiff has been damaged in an amount

22   equal to the amount of benefits to which Plaintiff was entitled, and should have been provided,

23   under the terms of the Plan and Policy.

24        50.    As a direct and proximate result of the aforesaid conduct of Defendants in failing to

25   provide coverage and benefits due to Plaintiff, Plaintiff has suffered, and will continue to suffer in

26   the future, damages under the Plan, plus interest and other economic and consequential damages,

27   for a total amount to be determined at time of trial.

28

51.     Accordingly, Plaintiff seeks reimbursement and compensation for any and all benefits she would have received but for Defendants' failure to provide coverage, in an amount presently unknown but to be set forth at the time of trial.   Plaintiff is further entitled to declaratory relief that she is entitled to Plan benefits, an order enjoining Defendants from denying such benefits, and an order that Plaintiff shall recover all such benefits, together with interest thereon and reasonable attorneys' fees incurred in seeking recovery of such benefits.

## SECOND CAUSE OF ACTION: FOR BREACH OF FIDUCIARY DUTY
## AGAINST ALL DEFENDANTS

52.     Plaintiff refers to and incorporates herein by reference each and every allegation set forth above in paragraphs 1 through 51, inclusive, as though set forth in full herein.

53.     At all material times herein, Defendants were fiduciaries of Plaintiff and Mr. Ciberay, both of whom were Plan beneficiaries.

54.     As fiduciaries, Defendants had a duty of loyalty, honesty, and care to Plaintiff and Mr. Ciberay.

55.     Defendants breached their fiduciary duty to Plaintiff and Mr. Ciberay by, among other things, including an exclusion in the Policy which is unlawful and unenforceable under applicable California law, and which constitutes misinformation supplied by the fiduciary.

56.     Defendants further breached their fiduciary duty to Plaintiff and Mr. Ciberay by, among other things, relying solely on the above-described exclusion to wrongfully, arbitrarily, and capriciously deny Plaintiff benefits due under the Policy.

57.     Accordingly, Plaintiff seeks reimbursement and compensation for any and all benefits she would have received but for Defendants' breach of their fiduciary duties, in an amount presently unknown but to be set forth at the time of trial.   Plaintiff is entitled to declaratory relief that she is entitled to Plan benefits, an order enjoining Defendants from denying such benefits, and an order that Plaintiff shall recover all such benefits, together with interest thereon and reasonable attorneys' fees incurred in seeking recovery of such benefits.

**THIRD CAUSE OF ACTION: FOR AN AWARD OF ATTORNEYS' FEES AND COSTS PURSUANT TO 29 U.S.C. § 1132(G)(1): AGAINST ALL DEFENDANTS**

58.     Plaintiff refers to and incorporates herein by reference each and every allegation set forth above in paragraphs 1 through 57, inclusive, as though set forth in full herein.

59.     29 U.S.C. § 1132(g)(1) authorizes this Court to award reasonable attorneys' fees and costs of action to either party in an ERISA action.

60.     As a result of the acts and omissions of the Defendants, Plaintiff has been required to retain the services of legal counsel and has necessarily incurred attorneys' fees and costs in prosecuting this action.  Further, Plaintiff anticipates incurring additional attorneys' fees and costs in hereafter pursuing this case, all in a final amount which is currently unknown.  Plaintiff therefore requests an award of reasonable attorneys' fees and costs.

**WHEREFORE**, Plaintiff prays judgment against Defendants, and each of them, as follows:

1.     For a declaration regarding the Defendants' noncompliance with minimum requirements of ERISA and other federal and state laws in connection with the denial of benefits;

2.     For declaratory and injunctive relief as prayed herein, finding that Plaintiff is entitled to all life insurance benefits yet unpaid under the terms of the Plan, and that Defendants be ordered to pay all such benefits according to the terms of the Plan forthwith;

3.     For an award of prejudgment interest on such unpaid benefits;

4.     For reasonable attorney's fees pursuant to 29 U.S.C. § 1132(g)(1);

5.     For costs of suit incurred herein; and

6.     For such other and further relief as this Court may deem just and proper.

Dated: May 30, 2012                         Respectfully Submitted,


                                            By:   s/ Richard A. Huver
                                                  Richard A. Huver and
                                                  George de la Flor, Esq.
                                            Attorneys for Plaintiff Pamella Ciberay